### WILLIAMSON *vs.* CHAMPLIN and others.

The proceedings to foreclose a Mortgage in Chancery, are not stayed because a suit has been *commenced* at law, upon the bond, even though it appears that such suit has not been discontinued.

Such proceedings in Chancery are only stayed when there has been a judgment at law.

*It seems* that if a suit at law is commenced upon the Bond, and before Judgment is obtained thereon, a bill is filed in Chancery, to foreclose the Mortgage accompanying the Bond, that the filing of the bill and the operation of the statute works a discontinuance of the suit at law.

In a bill for the foreclosure of a Mortgage, the Complainant must state what proceedings at law have been had, if any ; and what the state of such proceedings were at the time of filing the bill.

*J. H. Woods,* for Complainant.

*C. B. Lord,* for Defendant.

THE VICE CHANCELLOR. Demurrer to Bill for the foreclosure of mortgage, for the reason that the bill sets forth a suit at law commenced on the bond, which was then pending, but not matured to a judgment.

The Revised Statutes, Art. 6, Title 2, Chap. 1, 3d part, provides, Sec. 161, that upon filing Bill for a foreclosure or satisfaction of a mortgage, the complainant shall state therein whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof; and whether such debt, or any part thereof, has been collected.

Sec. 162 provides that if a judgment has been obtained in a suit at law for the moneys demanded by such bill, or any part thereof, no proceedings shall be had in such case, unless to an execution against the property of the defendant in such judgment, the Sheriff shall have returned that there is no property to satisfy the execution, except the mortgaged premises. The proceedings to foreclose a mortgage in Chancery are only stayed in one case, to wit, when there is a judgment at law. The complainant is required to disclose whether there have been any proceedings at law; but his proceedings in Chancery are only stopped in case of a judgment at law.

In case proceedings at law have been commenced before filing a bill, but have not yet been matured to a judgment, it seems to me that there is another provision by statute to arrest the proceedings at law. Sec. 159, same article, provides that after such a bill shall be filed, while the same is pending, and after a decree rendered thereon, *no proceeding* whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorised by the Court of Chancery. The object of the statute was to prevent multiplicity of suits for the collection of the same debt. The Legislature will not permit a creditor, by mortgage, to prosecute in law and equity at the same time, for the collection of his debt. They require him to state in

his bill what proceedings at law have been instituted. If his legal proceedings have matured to a judgment, the statute stops his equitable proceedings; if his legal proceedings have not proceeded so far, the filing of the bill, and the operation of the 159th section, it seems to me, discontinue his legal proceedings. Any movement in the suit at law, after filing a bill in equity, it seems to me, is a *proceeding*, under the 159th section, which is arrested by the operation of that section.

As the suit at law, in this case, had not been prosecuted to judgment, the filing of the bill stops the suit at law, and the proceedings in Chancery may go on. The Chancellor's decision in 4, Paige, 550, does not decide this question. That was a case where a judgment at law had been perfected, and if his opinion should seem to embrace this case, it has not the authority of a decision.

The Demurrer in this case must be overruled with costs.

NOTE.—The decision in this case was affirmed by the Chancellor, on appeal from the above decision of the Vice Chancellor.